IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| IN RE: | * | |
| MINH VU HOANG | | Bankruptcy No. 05-21078-TJC |
| THANH HOANG | * | Bankruptcy No. 05-25738-TJC |
| Debtors | | (Chapter 7) |
| | * | |
| | | Jointly Administered Under |
| | * | Bankruptcy No. 05-21078-TJC |

                         *    *    *

| | | |
|---|---|---|
| GARY A. ROSEN, TRUSTEE | * | |
| One Church Street, Suite 802 | | |
| Rockville, MD 20850 | | * |
| and | | |
| CYBELE GENERAL PARTNERSHIP | * | |
| c/o Gary A. Rosen, Trustee | | |
| One Church Street, Suite 802 | | * |
| Rockville, MD 20850 | | |
| and | * | |
| BOSWELL GENERAL PARTNERSHIP | * | |
| c/o Gary A. Rosen, Trustee | | |
| One Church Street, Suite 802 | | |
| Rockville, MD 20850 | | * |
| Plaintiff | | |
| | * | |
| vs. | | Adversary No. _____ |
| | * | |
| MINH VU HOANG | | |
| 9101 Clewerwall Drive | * | |
| Bethesda, MD 20817 | | |
| and | * | |
| THANH HOANG | | |
| 9101 Clewerwall Drive | * | |
| Bethesda, MD 20817 | | |
| Defendants | * | |

                  *    *    *    *    *

**COMPLAINT FOR DECLARATORY RELIEF, TURNOVER OF PROPERTY,
INJUNCTIVE RELIEF AND FOR SALE OF REAL PROPERTY FREE AND CLEAR
OF CLAIMS AND INTERESTS**

TO THE HONORABLE THOMAS J. CATLIOTA, UNITED STATES BANKRUPTCY
JUDGE:

COME NOW, Gary A. Rosen, Trustee, Cybele General Partnership and Boswell General
Partnership, by and through their undersigned counsel, and in support of their *Complaint for
Declaratory Relief, Turnover of Property, Injunctive Relief and for Sale of Real Property Free
and Clear of Claims and Interests*, respectfully state the following:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this adversary proceeding pursuant to the provisions
of 28 U.S.C. §1334, 28 U.S.C. §157 and U.S. District Court Local Rule No. 402. Further, this
adversary proceeding is a "core proceeding" pursuant to the provisions of 28 U.S.C.
§157(b)(2)(A), (E) (N) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

**Parties**

2. On May 10, 2005, the Debtor/Defendant Minh Vu Hoang filed her Voluntary Petition
under Chapter 11 of the Bankruptcy Code in Case No. 05-21078-NVA (the "Minh Case") and an
Order for Relief thereupon was entered. By Order of this Court entered October 28, 2005, said
Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

3   On July 12, 2005, the Debtor/Defendant Thanh Hoang filed his Voluntary Petition
under Chapter 11 of the Bankruptcy Code in Case No. 05-25738-NVA (the "Thanh Case") and
an Order for Relief thereupon was entered. By Order of this Court entered September 22, 2005,
said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

4. By Order entered August 31, 2005 in the Minh Case, the Movant Gary A. Rosen was

appointed Chapter 11 Trustee therein.  By further Order entered August 31, 2005, the Movant

Gary A. Rosen was appointed Chapter 7 Trustee therein.

5.  By Order entered September 23, 2005 in the Thanh Case, the Movant Gary A. Rosen

was appointed Chapter 7 Trustee therein.

6.  By Order entered September 28, 2005 in both the Minh Case and the Thanh Case, this

Court ordered joint administration of said cases under Case No. 05-21078-NVA.

7.  On December 1, 2005, the Plaintiff Cybele General Partnership filed its Voluntary

Petition under Chapter 11 of the Bankruptcy Code in Case No. 05-90432-TJC and an Order for

relief was thereupon entered.  The Debtor therein is a Debtor-in-Possession acting under the

provisions of 11 U.S.C. §1107.

8.  The Plaintiff Boswell General Partnership (hereinafter "Boswell") is a Maryland

general partnership whose sole partners prior to commencement of these cases were the

Debtors/Defendants Minh Vu Hoang and/or Thanh Hoang and/or the siblings of the Debtor Minh

Vu Hoang, Van T. Vu and Hao Q. Vu.[1]  In his capacity as Trustee, your Plaintiff Gary A. Rosen

has succeeded to the ownership of all of the partnership interests in Boswell as formerly owned

---

[1]    Your Trustee's investigation has revealed three separate and inconsistent versions
of the *Partnership Agreement* for Boswell.  The first of those agreements dated
September 10, 2004 notes that the partners of Boswell are Thanh Hoang as to a
10% interest and Van T. Vu as to a 90% interest therein.  By a near identical form
of *Partnership Agreement* dated October 7, 2004, the said Thanh Hoang and Van
T. Vu again are named as the sole partners of Boswell, but in said latter
agreement Thanh Hoang is denoted as a 90% partner and Van T. Vu is noted as a
10% partner therein.  By a third *Partnership Agreement* dated September 15,
2004, Boswell is purported to be organized with Hao Vu and Van T. Vu each as
45% partners therein and with the Debtor Minh Vu Hoang as a 10% partner "in
case of profit".  See copies of *Partnership Agreements* attached hereto and
incorporated by reference herein as "Exhibits 1, 2 and 3", respectively.

by the Debtor/Defendants Minh Vu Hoang and Thanh Hoang.  Further, the Plaintiff/Trustee has

succeeded to all of the partnership interests in Boswell which heretofore may have been owned

by the said Van T. Vu and Hao Q. Vu by virtue of that assignment made by them in connection

with the settlement of the *Trustee's Motion for Substantive Consolidation* heretofore approved

by this Court in the Minh Case, the Thanh Case and the related cases of Van T. Vu (Case No. 05-

26521) and Hao Q. Vu (Case No. 05-26765).

9.  The Debtors/Defendants Minh Vu Hoang and Thanh Hoang are adult residents of the

State of Maryland with residential address as provided in the caption hereof.

<div align="center">

**Facts Common to All Counts**

***The Creation and Funding of Madison Plus, LLC***

</div>

10.  As previously described generally in the *Trustee's Motion for Substantive*

*Consolidation* heretofore filed in these proceedings on or about June 5, 2005, and during the

pendency of the Minh Case, and just weeks prior to the commencement of the Thanh Case, and

only six weeks prior to the commencement of the bankruptcy proceedings of the said Van T. Vu

and Hao Q. Vu, the said Van T. Vu executed *Articles of Organization* causing to be formed

Madison Plus, LLC, a Maryland limited liability company ("Madison Plus"); which said *Articles*

*of Organization* where accepted for record by the Maryland State Department of Assessments

and Taxation on June 8, 2005.  See copies of *Articles of Organization* and *SDAT Corporate*

*Charter Approval Sheet* collectively attached hereto and incorporated by reference herein as

"Exhibit 4".

11.  Less than one month later, on July 2, 2005, the said Van T. Vu caused to be opened

at SunTrust Bank Account No. 1000032420977 (the "SunTrust Account") in the name of

Madison Plus.  As appears by reference to the *Business Account Signature Card* attached hereto and incorporated by reference herein as "Exhibit 5", the said Van T. Vu was the sole signatory on said account.

12.  As appears by reference to the *Account Statements* (the "*Statements*") issued for the SunTrust Account for the period from July, 2005 through February, 2006 (said *Statements* being attached hereto and collectively incorporated by reference herein as "Exhibit 6"), said account was maintained in existence for approximately nine months and was closed on February 16, 2006.  During that period of its existence, there was deposited into the SunTrust Account the aggregate total of $1,161,172.92 received from the proceeds of sales of four parcels of real property owned, variously, by MU General Partnership, the Plaintiff Cybele General Partnership (as to two of those properties) and Phamin General Partnership.  As hereinafter explicated, notwithstanding that neither Madison Plus nor the said Van T. Vu had any ownership interest in any of said four properties, all of the proceeds of the sale of the same were diverted to the SunTrust Account in an apparent attempt to secrete said proceeds from the ambit and grasp of the Plaintiff/Trustee for proper administration in the above-captioned bankruptcy proceedings.

### The Sale of Wesson Drive

13.  On July 5, 2005, the Defendants caused to be deposited into the SunTrust Account the sum of $253,427.32.  Said deposit was comprised of a single check issued by *Settlement Escrow and Abstract Solutions, Inc.* dated June 2, 2005 in the amount of $253,427.32 payable to "Van T. Vu, Partner, MU General Partnership".  See copy of said check attached hereto and incorporated by reference herein as "Exhibit 7".  Examination of said check reveals thereon the notation "File No. 05RV0863".

14.  The check described in the immediately preceding paragraph represents the settlement proceeds received by MU General Partnership ("MU") from its sale of that real property known and described as 6015 Wesson Drive, Temple Hills, Maryland 20748 ("Wesson Drive") as appears by reference to that Deed dated May 31, 2005 recorded among the Land Records of Prince George's County, Maryland at Liber 22371, folio 0392; a copy of which said Deed is attached hereto and incorporated by reference herein as "Exhibit 8".  Careful review of said Deed reveals the notation "File No. 05RV0863" at the foot thereof.

15.  MU is a Maryland general partnership whose partners prior to the filing of the instant bankruptcy proceedings were the Debtor/Defendant Minh Vu Hoang and her sister Van T. Vu. See copy of *Partnership Agreement* dated April 1, 2004 attached hereto and incorporated by reference herein as "Exhibit 9".

16.  The Plaintiff/Trustee has succeeded to all of the partnership interests in MU by virtue of his direct title as the Trustee of the Debtor/Defendant Minh Vu Hoang and by virtue of that assignment of her partnership interest made by the said Van T. Vu in connection with the settlement of the *Trustee's Motion for Substantive Consolidation* previously approved by this Court.

17.  Notwithstanding that none of the ownership interest in Wesson Drive nor any of the partnership interests in MU were owned by Madison Plus or Van T. Vu, the Defendants caused all of the proceed from the sale of Wesson Drive to be deposited into the SunTrust Account for the sole benefit of Madison Plus and/or Van T. Vu.

### *The Sale of Moreland Street*

18.  As is also revealed by review of the *Statements*, the Defendants caused to be deposited into the SunTrust Account on or about July 6, 2005, the sum of $294,814.98.  Said deposit was received as a wire transfer from Central Processing Center, LLC ("Central") as appears by reference to that *Wire Transfer Transaction Detail Report* attached hereto and incorporated by reference herein as "Exhibit 10".  Careful examination of that *Wire Transfer Detail Report* reveals the notation "ASSIGNMENT OF FUNDS FBO MADISON PLUS, LLC FROM CYBELE GP – OUR FILE CPC05-8640".

19.  The *Wire Transfer Deposit* described in the immediately preceding paragraph was derived from the sale by Cybele of its interest in that real property known and described as 9807 Moreland Street, Ft. Washington, Maryland ("Moreland Street").  Cybele was the initial purchaser at public auction sale of Moreland Street at the purchase price of $226,000.00 and subsequently sold and assigned its interest as purchaser for the sum of $305,000.00 to Lisa Q. Smith who was substituted as purchaser thereof in Case No. 02-20712 in the Circuit Court for Prince George's County, Maryland; all of which appears by reference to that Deed dated April 26, 2005 recorded among the Land Records of Prince George's County, Maryland at Liber 22941, folio 0466; a copy of which said Deed is attached hereto and incorporated by reference herein as "Exhibit 11".  Close review of said Deed reveals the notation at the head thereof "Case No. CPC05-8640".

20.  Notwithstanding that all of the funds derived from the sale of Moreland were property of Cybele, the Defendants caused all of said funds to be deposited into the SunTrust Account for the sole benefit of Madison Plus and/or Van T. Vu.

### *The Sale of Reverend Boucher*

21.  Review of the *Statements* further reveals that on or about July 19, 2005, the sum of $280,571.57 was deposited into the SunTrust Account.  That deposit was received by wire-transfer from Global Title Group, LLC ("Global") as appears by reference to that *Wire Transfer Transaction Detail Report* attached hereto and incorporated by reference herein as "Exhibit 12". As a review of that *Wire Transfer Transaction Detail Report* will reveal, the same bears a reference of "E0510103".

22.  The deposit made by the wire transfer described in the immediately preceding paragraph was derived from the sale by Phamin General Partnership ("Phamin") unto Anita L. Drummond of that real property known and described as 14007 Reverend Boucher Place, Upper Marlboro, MD 20772 ("Reverend Boucher"); settlement upon which said sale was conducted by Global on July 15, 2005 as appears by reference to that copy of the *HUD-1 Settlement Statement* prepared by Global and attached hereto and incorporated by reference herein as "Exhibit 13". See also a copy of that Deed from Phamin to Anita L. Drummond dated July 15, 2005 and recorded among the Land Records of Prince George's County, Maryland at Liber 2287, folio 238; a copy of which said Deed is attached hereto and incorporated by reference herein as "Exhibit 14".  Careful review of said Deed reveals the notation at the head thereof "GTG File # E0510103".

23.  At the settlement on the sale of Reverend Boucher, the Debtor/Defendant Thanh Hoang directed Global to wire the net proceeds of $280,571.57 into the SunTrust Account in the name of Madison Plus as appears by reference to that *Assignment of Funds* dated July 15, 2005; a copy of which said *Assignment of Funds* is attached hereto and incorporated by reference

herein as "Exhibit 15".

24.  As of the date of filing of these bankruptcy proceedings, the partners of Phamin were the Debtors/Defendants Minh Vu Hoang and Thanh Hoang as appears by reference to that *Partnership Agreement* dated January 2, 2003; a copy of which said *Partnership Agreement* is attached hereto and incorporated by reference herein as "Exhibit 16".

25.  Notwithstanding that all of the proceeds derived from the sale of Reverend Boucher were the property of Phamin, and notwithstanding that all of the partnership interests in Phamin were owned by the bankruptcy estates of the Debtors/Defendants Minh Vu Hoang and Thanh Hoang and further notwithstanding that neither Madison Plus nor Van T. Vu possessed any ownership interest in Reverend Boucher nor any partnership interest in Phamin, all of the proceeds of the sale of Reverend Boucher were deposited into the SunTrust Account for the sole benefit of Madison Plus and/or Van T. Vu.

### *The Sale of Carved Stone*

27.  As further reference to the *Statements* will reveal, on or about August 11, 2005, the Defendants caused to be deposited into the SunTrust Account the sum of $272,359.05.  Said deposit was comprised of a single check issued by Central in the amount of $272,359.05 payable to "Cybele General Partnership, 9101 Clewerwall Drive, Bethesda, MD 20817".[2]  See copy of said check attached hereto and incorporated by reference herein as "Exhibit 17".  Careful attention to said check reveals the notation thereon of "CPC 05-8666".

28.  The aforesaid check was issued by Central as the closing proceeds derived by Cybele

---

[2]      Said address is, of course, the residence of the Debtors/Defendants Minh Vu Hoang and Thanh Hoang.

from the sale of its interest in that real property known and described as 7333 Carved Stone, Columbia, Maryland 21045 ("Carved Stone"). Cybele was the initial purchaser at public auction sale for Carved Stone at the purchase price of $209,000.00 and subsequently sold and assigned its interest as purchaser thereof for the sum of $285,000.00 to Sudhakar Kota who was substituted as purchaser thereof in Case No. 13-C-03-55486 in the Circuit Court for Howard County, Maryland; all which appears by reference to that Deed dated July 11, 2005 recorded among the Land Records of Howard County, Maryland at Liber 09468, folio 101; a copy of which said Deed is attached hereto and incorporated by reference herein as "Exhibit 18". Careful review of that Deed reveals also the notation "CPC 05-8666".

29. At the time of the transaction described in the immediately preceding paragraph, all of the partnership interests in Cybele were owned by the Debtors/Defendants Minh Vu Hoang and Thanh Hoang.

30. Notwithstanding that all of the proceeds from the sale of Carved Stone belonged to your Plaintiff Cybele, and further notwithstanding that the said Van T. Vu and Madison Plus possessed no ownership interest in Carved Stone nor any partnership interest in Cybele, all of the settlement proceeds derived from the sale of Carved Stone were deposited into the SunTrust Account for the sole benefit of Madison Plus and/or Van T. Vu.

### The Purchase of Davey Street

31. On or about March 9, 2005, L. Darren Goldberg, *et al*, Substitute Trustees, employed by or associated with the law firm of Draper & Goldberg, PLLC (hereinafter individually and collectively referred to as "Goldberg") caused all of that real property located, known and described as 5604 Davey Street, Capital Heights, Maryland 20743 ("Davey Street") to be sold at

public auction sale in connection with those foreclosure proceedings then pending in the Circuit

Court for Prince George's County, Maryland and captioned as "*L. Darren Goldberg, et al,*

*Substitute Trustees, Plaintiffs v. Ronald E. Thomas, et al, Defendants*" (Case No. CAE 04-14932

in the Circuit Court for Prince George's County, Maryland).

32.  At the sale conducted as aforesaid, Vintage Mortgage & Financial Services, LLC

("Vintage")  was the successful bidder for Davey Street with a high bid of $137,000.00.  See

*Memorandum of Purchase at Public Auction* dated March 9, 2005 attached hereto and

incorporated by reference herein as "Exhibit 19".

33.  As set forth in the *Advertisement of Sale* for Davey Street (as attached to Exhibit 19),

the deposit required to be paid by the successful purchaser was in the amount of $11,000.00.

Said deposit was paid by Vintage, acting through its agent Jean Taylor by tender of a cashier's

check in the name of "Jean or Michael or Kimberly Taylor" issued by Wachovia Bank dated

January 7, 2005 and bearing Check No. 278754740 in the amount of $10,000.00 (see copy of

check attached hereto and incorporated by reference herein as "Exhibit 20") and by tender of

cash in the amount of $1,000.00.  See copy of receipt from Alex Cooper Auctioneer's Inc. dated

March 9, 2005 attached hereto and incorporated by reference herein as "Exhibit 21".

34.  On the date of that auction sale, March 9, 2005, the Debtor Minh Vu Hoang directed

SunTrust Bank to deliver to Ms. Taylor a check drawn on the account of Lamberton Limited

Partnership[3]  in the amount of $17,650.00 with a notation to be entered thereon "Shell and

---

[3]      The Trustee's investigation has yielded numerous documents identifying the
partners of Lamberton Limited Partnership, variously, as the Debtors/Defendants
Minh Vu Hoang and Thanh Hoang and/or Van T. Vu and Hao Q. Vu.  In either
event, the Plaintiff/Trustee has succeeded to the interests of all such partnership
interests by virtue of his direct title as Trustee of the Debtors Minh Vu Hoang and

Davey". See copy of bank instruction attached hereto and incorporated by reference herein as "Exhibit 22". Acting pursuant to that instruction, SunTrust issued its Official Check No. 4958008541 dated March 9, 2005 in the amount of $17,650.00 payable to "Jean Taylor"; a copy of which said check is attached hereto and incorporated by reference herein as "Exhibit 23".

35. Apparently contemporaneous with her purchase of Davey Street on behalf of Vintage, the said Jean Taylor caused Vintage to assign all of its interest in Davey Street unto Boswell as appears by reference to that *Assignment* endorsed by Ms. Taylor on a copy of the *Memorandum of Purchase at Public Auction* heretofore identified as Exhibit 19. See copy of *Assignment* attached hereto and incorporated by reference herein as "Exhibit 24".

36. Following the ratification of the sale of Davey Street by the Circuit Court on or about May 17, 2005, and following a predictable period of delay in closing upon said purchase, settlement thereon finally was conducted on September 29, 2005 as appears by reference to that *HUD-1 Settlement Statement*[4] prepared by Minbilt, Inc.; a copy of which is attached hereto and incorporated by reference herein as "Exhibit 25". As appears by reference to that *HUD-1 Settlement Statement*, the cash required to be paid to Goldberg as the seller of Davey Street was in the amount of $135,306.80 plus those separate charges incurred in connection with the apparently contemplated resale of the property in the amount of $1,075.00. See *Settlement*

---

Thanh Hoang and by virtue of that assignment of interests received by the Trustee in connection with the settlement of the substantive consolidation litigation with the said Van T. Vu and Hao Q. Vu.

[4]    Inexplicably, the *HUD-1 Settlement Statement* refers to the borrower/purchaser as "Athena General Partnership" rather than as "Boswell General Partnership". Nonetheless, all of the other numbers and information contained in the *HUD-1 Settlement Statement* are borne out by the other documentation reviewed by your Plaintiff/Trustee and included herein.

*Statement*, Line 603 and Line 1400.[5]

37.   In order to pay said settlement sum due to Goldberg, the Defendants caused a check to be drawn upon the SunTrust Account in the amount of $135,306.80 dated September 28, 2005 and negotiated September 29, 2005.  See copy of check attached hereto and incorporated by reference herein as "Exhibit 26".  Said check was used, in turn, to purchase SunTrust Official Check Nos. 4834010142 and 4834010143 both payable to Goldberg in the amounts of $34,306.80 and $101,000.00, or a total of $135,306.80 as required by Line 603 of the *HUD-1 Settlement Statement*.  See copies of checks collectively attached hereto and incorporated by reference herein as "Exhibit 27".[6]

38.   Following the conduct of settlement on or about September 29, 2005, the Defendants caused to be filed with the Circuit Court their *Motion With Consent for Substitution of Purchaser* and, by its *Order* dated October 24, 2005, the Circuit Court granted said *Motion* substituting Boswell as the purchaser of Davey Street in the place and stead of Vintage.  See copy of *Order* attached hereto and incorporated by reference herein as "Exhibit 29".

39.   Following the entry of that *Order*, Goldberg executed and delivered unto the Defendants that *Deed* dated November 3, 2005 conveying Davey Street from Goldberg unto Boswell; a copy of said *Deed* being attached hereto and incorporated by reference herein as

---

[5]      Although the form of the *HUD-1 Settlement Statement* contemplates that all entries on Page 2 of the *Settlement Statement* (Lines 700-1400) will be reconciled by inclusion on Page 1 of the *Settlement Statement* at Line 502, Minbilt as the purported settlement agent did not properly complete the *HUD-1*.

[6]      Attached hereto as "Exhibit 28" is the separate check of Alexander K.A. Le payable to Goldberg in the amount of $1,075.00 remitted in apparent satisfaction of the claim for resale expenses.  Mr. Le is a known confederate of the Debtor Minh Vu Hoang in the conduct of her various business activities.

"Exhibit 30".

40.  Notwithstanding Goldberg's execution and delivery of the *Deed* as aforesaid, the Defendants have failed to cause the same to be recorded among the Land Records of Prince George's County, Maryland.

41.  As recited aforesaid, upon the filing of the Debtor Minh Vu Hoang's Voluntary Petition on May 10, 2005 and upon the filing by the Debtor Thanh Hoang of his Voluntary Petition on July 12, 2005, all of the partnership interests of said Debtors/Defendants in Boswell became property of the bankruptcy estates herein by operation of 11 U.S.C. §541.  Further, also as aforesaid, any interests in Boswell owned by the said Van T. Vu and Hao Q. Vu also are property of the bankruptcy estates by virtue of the assignment by said individuals of all of their interests in said entity in connection with the settlement of the substantive consolidation litigation heretofore approved by this Court.

### *The Prospective Sale of Davey Street*

42.  Within the last several days, the Plaintiff/Trustee has learned that the Defendants are attempting to effect a sale of Davey Street to persons unknown through the offices and settlement services to be provided by Lockey and Associates in Baltimore, Maryland.  Although your Trustee has requested a copy of the *Contract* and other information relevant to said contemplated closing, your Plaintiff/Trustee has been unable in the absence of compulsory process to obtain such documentation and information as of this date.

43.  Your Plaintiff/Trustee desires consideration by this Court of the above-described factual *milieu* as supplemented by contemplated discovery herein.  Upon consideration of that factual background, your Trustee seeks a declaration confirming his ownership of all of the

partnership interests in Boswell and Boswell's ownership of the fee simple title to Davey Street. Alternatively, your Plaintiff/Trustee seeks a declaration imposing upon Davey Street a constructive trust in his favor and declaring his ownership of Davey Street.

44.  Further, your Plaintiff/Trustee desires injunctive relief to preserve the *status quo ante* with regard to Davey Street in order to ensure that said property is not sold by the Defendants and the settlement proceeds thereof disbursed to persons other than the bankruptcy estates herein.

45.  Also, your Plaintiff/Trustee seeks authority from this Court permitting the Plaintiff/Trustee, *pendente lite*, to take possession and control of Davey Street and to manage said property including the rental of the same.  Further, your Trustee seeks authority from this Court to market and list Davey Street for sale, and authorizing your Plaintiff/Trustee to consummate a sale of Davey Street upon proper compliance with the provisions of the Bankruptcy Code and Rules of Procedure.

46.  Finally, in order to protect the interests of all parties, your Plaintiff/Trustee seeks an Order requiring the Plaintiff/Trustee hereinafter to account for all income and expenses related to Davey Street and requiring him administratively to segregate all such funds pending this Court's final ruling on the merits of the instant litigation.

47.  In the absence of such injunctive relief, the Plaintiff/Trustee respectfully urges that the Estates are placed at high risk of immediate and irreparable loss and damage.

### Count I
### (Declaratory Relief)

48.  The allegations contained in Paragraphs 1 through 47, *supra*, hereby are incorporated by reference in the body of this Count I as if fully set forth herein.

49.  The instant case presents an actual controversy within the jurisdiction of this Court upon which this Court may, as contemplated in and authorized by 28 U.S.C. §2201, declare the rights and other legal relations of the Plaintiffs Trustee, Cybele and Boswell as well as those of the Defendants with regard to the ownership of the partnership interests in Boswell and the ownership of Davey Street.

50.  As set forth aforesaid, the Plaintiff/Trustee is the owner of all of the partnership interests in Boswell, and Boswell is the sole owner of Davey Street.  Alternatively, the aforesaid circumstances under which Boswell acquired title to Davey Street render it inequitable for Boswell to continue so to hold title against the interests of the Trustee and the Estates.

WHEREFORE, your Plaintiffs respectfully pray that this Honorable Court:

1.  DECLARE that ownership of all of the partnership interests in Boswell is vested in the Plaintiff Trustee and the Bankruptcy Estates herein.

2.  DECLARE that Davey Street is the lawful property of Boswell.

3.  DECLARE that Davey Street is the lawful property of the Trustee and the bankruptcy Estates herein.

4.  IMPOSE a constructive trust upon Davey Street for the exclusive benefit of the Trustee and the Bankruptcy Estates herein.

5.  DECLARE that the Defendants are without any legal right, title or interest in the partnership interests in Boswell or in Davey Street.

6.  DECLARE that the Plaintiff Trustee acting for himself and/or in his capacity as the owner of all of the partnership interests in Boswell, is entitled to all dominion and control over Davey Street.

7.   ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## Count II
## (Turnover of Property to the Estate)

51.   The allegations contained in Paragraphs 1 through 50, *supra*, hereby are incorporated by reference in the body of this Count II as if fully set forth herein.

52.   The partnership interests in Boswell and Davey Street both are property of the Estates as defined in 11 U.S.C. §541 which the Plaintiff/Trustee may use, sell or lease pursuant to 11 U.S.C. §363.  As such, the Defendants are obliged and should be required to deliver control of: (a) the partnership interests in Boswell; and (b) Davey Street to the Trustee; and account for the same (including, *inter alia*, all rental or other income derived therefrom since March 9, 2005) or the value thereof pursuant to 11 U.S.C. §542(a).

WHEREFORE, your Plaintiffs respectfully pray that this Honorable Court:

1.   ORDER that the Defendants, and all persons acting in concert or cooperation with them, deliver and turnover to the Plaintiff/Trustee all of their right, title and interest in and to: (a) the partnership interests in Boswell; and (b) Davey Street.

2.   ORDER that the Defendants be required by a date certain to provide to the Trustee and file herein a complete accounting of all income derived from March 9, 2005 to date from: (a) the partnership interests in Boswell; and (b) Davey Street.

3.   AUTHORIZE and DIRECT Gary A. Rosen, Trustee, *pendente lite*, to take possession of and manage Davey Street, including the rental thereof; subject to the obligation of the Trustee administratively to segregate the funds derived from Davey Street and to account for the same from time to time.

4.   ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## Count III
### (Injunctive Relief)

53.  The allegations contained in Paragraphs 1 through 52, *supra*, hereby are incorporated by reference in the body of this Count III as if fully set forth herein.

54.  As is described aforesaid, the actions of the Defendants in seeking to sell Davey Street to a third-party raises the spectre of irreparable, loss and damage to the Plaintiffs and the Estates herein.

55.  In order to protect the interests of the Estates in Davey Street and in order to preserve the *status quo ante*, your Plaintiffs respectfully urge that the Defendants be restrained and enjoined from:

(a) The transfer of any interest in or the creation of any encumbrance upon Davey Street.

WHEREFORE, your Plaintiffs respectfully pray that this Honorable Court:

1.  TEMPORARILY RESTRAIN and/or PRELIMINARILY ENJOIN and/or PERMANENTLY ENJOIN the Defendants, and all persons acting in cooperation and concert with them, from taking any action to transfer any interest in Davey Street, legal or equitable, fee simple or leasehold, partial or otherwise, and from encumbering in any way the title to Davey Street, except as otherwise ordered by this Court.

2.  TEMPORARILY RESTRAIN and/or PRELIMINARILY ENJOIN and/or PERMANENTLY ENJOIN the Defendants, and all persons acting in cooperation and concert with them, from taking any action to hinder, obstruct, impede or otherwise frustrate the

Plaintiff/Trustee in his management of Davey Street and the marketing and sale of Davey Street.

3.   ORDER such other and further relief as the nature of this cause and the interests of justice may require.

### Count IV
### (Sale Free and Clear)

56.   The allegations contained in Paragraphs 1 through 55, *supra*, hereby are incorporated by reference in the body of this Count IV as if fully set forth herein.

57.   Davey Street constitutes property of the Estates.

58.   The purported interest of the Defendants in Davey Street is in *bona fide* dispute as described aforesaid and as contemplated in 11 U.S.C. §363(f)(4).

59.   Your Trustee desires to sell Davey Street free and clear of the interests of the Defendants with the interest of the said Defendants, if any, attaching to the net proceeds derived from said sale.

60.   Your Trustee proposes to market and sell Davey Street through the utilization of the local multiple listing service and the services of an agent to be approved by this Court.  Upon receipt of an offer acceptable to him, your Trustee proposes to provide *Notice* of his intended sale of Davey Street as required by the provisions of 11 U.S.C. §363(b) and the Bankruptcy Rules of Procedure.

WHEREFORE, your Plaintiffs respectfully pray that this Honorable Court:

1.   AUTHORIZE the Plaintiff, Gary A. Rosen, Trustee to sell Davey Street free and clear of all interests of the Defendants with all such valid interests, if any, attaching to the net proceeds derived from said sale.

2.   AUTHORIZE the Plaintiff, Gary A. Rosen, Trustee, to list Davey Street for sale with

a multiple listing service through the offices of a real estate agent to be approved by this Court

upon proper *Application* therefor by the Trustee with any sale subject to notice to all parties-in-

interest and opportunity to object thereto as provided by the Bankruptcy Code and Rules of

Procedure.

      3.  ORDER such other and further relief as the nature of this cause and the interests of

justice may require.

<div style="margin-left:50%">

Respectfully submitted,

GARY A. ROSEN, CHARTERED

</div>

Dated:  July 17, 2007                  By:    */s/ Gary A. Rosen*

<div style="margin-left:50%">

  Gary A. Rosen
  One Church Street, Suite 802
  Rockville, MD 20850-4158
  Telephone: (301) 251-0202

SCHLOSSBERG & ASSOCIATES

By:  */s/ Roger Schlossberg*
Roger Schlossberg
134 West Washington Street
P.O. Box 4227
Hagerstown, MD 21741-4227
Telephone: (301) 739-8610

Attorneys for Plaintiffs

</div>